Table Mountain Mining Company *v.* Waller's Defeat Mining Company.

value fixed by the superintendents. This, it would appear from the recitals in the order equalizing the taxes, was probably made without any testimony that the valuation was too high. It was simply a defiance of the law of the land which requires assessments for taxes to be made on a paper money basis. But however illegal the conduct of the Board of Equalization, a suit on the bond of the County Auditor is not the way to remedy their wrongful acts. That Board is authorized to equalize taxes. When they have made an order in that respect, the Auditor must be governed by their action until it is set aside by some court of competent jurisdiction.

Judgment of the Court below affirmed.

---

# TABLE MOUNTAIN GOLD AND SILVER MINING COMPANY, Respondent, *v.* WALLER'S DEFEAT SILVER MINING COMPANY, Appellant.

Appeal from Order Refusing to Change Venue. Under Section —— of the Practice Act, an appeal is authorized from an order refusing to change the place of trial.

Affidavit to Change Venue. An affidavit to change the place of trial, on the ground of interest of the Judge, which merely states the belief of affiant, without stating any of the facts on which such belief is founded, or any person from whom he may have learned any fact regarding the matter, is too loose and uncertain, and is not sufficient.

Presumption of Continuance of things in Statu Quo. Where a certain state of facts is proved to have existed, the legal presumption is that the same state of things continues to exist until such presumption is rebutted by proof or by some counter presumption arising from lapse of time, or some other circumstance.

Personal Knowledge of Judge as Proof on Motions. In motions before a Judge during the progress of a trial, he may act on his own knowledge in regard to things which in their nature are better known to himself than they could be to others.

Change of Venue Denied on Personal Knowledge of Judge. Where a motion to change the place of trial was made on the ground that the Judge was interested, and the only proof was that he had said he was interested a year before the suit was instituted, and it appeared that he denied the motion on the ground of his own knowledge that he was not interested, the Supreme Court refused to disturb the order denying the change.

Table Mountain Mining Company *v.* Waller's Defeat Mining Company.

DAMAGES FOR UNREASONABLE APPEALS.  In cases of appeals from orders refusing to change the place of trial, damages for delay will be imposed, unless reasonable ground for appeal is shown.

APPEAL from the District Court of the Fourth Judicial District, Lyon County.

The motion to change the place of trial in this action was made by the defendant in June, 1866, and based upon two affidavits, dated June 23d of that year.   The first was that of Patrick Henry, the superintendent of the corporation defendant, in which he deposes, that "he is informed and believes, that the Hon. William Haydon, Judge of the above entitled county, is disqualified from hearing or trying this cause, for the reason that the said Judge is, and for a long time has been, the owner of an undivided interest of twenty-five feet in the mining ground and claim claimed by defendant, generally known as the Waller's Defeat claim and lead."

. The second affidavit was that of William H. Naileigh, who deposes, " that some time during the summer of the year 1867 he had a conversation with the Hon. William Haydon, Judge of this Court, and that said Haydon then stated to deponent that he, Haydon, was the owner, and claimed an interest in the ground of the Waller's Defeat claim."

The following statement appeared in the minutes of the Court below, as a part of the entry of the order overruling the motion :

" In overruling this motion, the Judge said as a reason for overruling the motion that the affidavits upon which the same was made were not true in point of fact.   That he was not at the present time, nor ever had been, an owner in the claim of the Waller's Defeat Company.   He said he had made the statement to Mr. Henry and Mr. Naileigh, supposing at the time he was an owner, but subsequently ascertained that he was not."

*Wood and Hillyer,* for Appellant.

*Hillyer and Whitman,* for Respondent.

By the Court, BEATTY, C. J. .

This is an appeal from an order overruling a motion for a change

of venue.    The application was made by the defendant, upon the ground that the Judge of the Fourth Judicial District, before whom the case was pending, was interested in the result of the suit.    Two affidavits were filed in support of the motion.    The first merely asserts that the affiant is informed and believes that the Judge " is disqualified from hearing or trying this cause, for the reason that the said Judge is, and for a long time has been, the owner of an undivided interest of twenty-five feet in the mining ground and claim claimed by defendant," etc., etc.

The second affidavit merely shows that affiant, in 1867, had a conversation with the Judge, in which he (the Judge) said he had an interest in this mining claim.    This was all the testimony offered, and on this showing the Court refused to grant the change of venue.    The defendant excepted, and appealed from the order denying the motion.    Under our statute such an appeal is authorized, and the question is :    Should the Court have granted the order for a change of venue upon this showing ?    The first affidavit amounts to nothing ; it states merely the belief of the affiant, without stating any of the facts on which that belief is founded, or any person from whom he may have learned any facts regarding the matter.    This is too loose and uncertain.    It is even doubtful whether the second affidavit is any better.    The witness merely details a conversation of the Judge.    Is such conversation sufficient evidence of the truth of what is said ?    Is the mere declaration of the Judge that he was an owner in the mining grounds of the defendant sufficient to establish the fact that he was such owner ? Without determining this question, let us for the argument assume that it was proved that in 1867 the Judge owned an interest in the defendant's mine.    If he did own an interest at that time, but sold out or abandoned his claim before the commencement of this suit, it would not disqualify him.

When a certain state of facts is proven to have existed, the legal presumption is that the same state of things continues to exist until that presumption is rebutted by proof or some counter presumption, arising from lapse of time or some other circumstance. If it was proved that the Judge was interested in defendant's claim in 1867, the legal presumption would arise that he continued

interested therein in the year 1868.  The question then arises whether the Judge before whom the application was made for a change of venue might act on his own knowledge as to whether he was interested in 1868, when this suit was brought.  In the case of *Witter et al., plaintiff in error*, v. *Taylor*, (7th Ind. 110) an application was made for a change of venue on the ground that the presiding Judge before whom the case was tried had been retained by Taylor (plaintiff in the Court below) in conjunction with one George to prosecute the claim against the defendants.  Counter affidavits were made by Taylor's agent, and by George his attorney. The motion was overruled, and on this ground the case was reversed.  The Supreme Court of Indiana held that the change of venue should have been granted on the affidavit of plaintiff.  That the statute of that State and the usages of her Courts did not recognize the practice of introducing counter affidavits in such cases. That the motion should have been determined upon the defendant's affidavit alone.  The Court, in answer to the argument of counsel for respondent, further say : " Something is said about the personal knowledge of the Court.  But the position is wholly unsound. Even though the Judge in this instance knew every word of the affidavit to be false, that is nothing to the purpose.  He is not to establish a vicious principle, even to accomplish a desirable end. His personal knowledge is like that of a juror who has not been sworn to testify to his fellow jurors.  The Judge is not at liberty to predicate any judicial action upon it.  The rights of parties do not depend upon his private knowledge.  They are to be determined solely by what is judicially adduced in due course of law. This office, in applications for change of venue, the affidavit alone can perform."

If the Court could not act on counter affidavits, of course it could not on the personal knowledge of the Judge.  But in a case where it would be proper to introduce counter affidavits we think a different rule should prevail.  It might not be proper for a Judge to act on his own personal knowledge of facts in one class of cases, and yet perfectly proper in other cases.  For instance : if a Judge were trying an action at law without the intervention of a jury, and evidence were introduced as to the value of a piece of

property, it would be wrong in the Judge to disregard the testimony of all the witnesses in the case, and take his own private judgment founded upon what he said out of the Court House as the criterion of damages. Nor would it be right for the Judge to act upon his own knowledge of facts, except in those cases where the facts were in the nature of things peculiarly within his own knowledge, and could not be as well known to others as himself. In the latter class of cases the knowledge of the Judge would be more certain and satisfactory than any evidence. In other cases the sworn testimony of witnesses would be more satisfactory. We conclude then that in all motions before a Judge during the progress of a trial he may act on his own knowledge in regard to things which in their nature are better known to himself than they could be to others. In such cases he acts much as a Court does in taking judicial notice of matters of general history, science, etc. The Court notices these things without proof, because proof cannot make them more certain. In regard to other facts, the Court must act on legal evidence.

As a general thing a Judge must know better than any third party whether he is or not interested in the result of a suit before him. Where an application is made for a change of venue on the ground that the Judge is interested, and the only proof is that he was interested in the mining claim in controversy a year before the suit was brought, and the motion is overruled, we will, in support of the judgment in the Court below, presume that the Judge acted on his own knowledge that at the time the suit was instituted he had no interest.

In holding that a Judge may act on his own knowledge in such a case, we think we are fully sustained by the opinion of the Court in the case of *Hungerford* v. *Cushing*, (2 Wisconsin, 397).

The defendant in this case applies for the change of venue, and it is alleged that the Judge had an interest in common with defendant. If he was so interested, no doubt the defendant would have the strict legal right to a change. But the circumstances of this application tend to show a desire to procrastinate the time of trial rather than a fear of any unfairness on the part of the Judge before whom the case was pending. In this case it is but justice

Table Mountain Mining Company *v.* Waller's Defeat Mining Company.

to the Court below to say that he made a statement, and had it entered on the minutes of the Court, showing that he had no interest in the defendant's mine and no interest in the controversy in any way.

We are asked by the respondent to impose damages for a frivolous appeal. Possibly the circumstances of this case would justify such a course, and if we fail to give damages now, we wish it distinctly understood that hereafter, when appeals are taken from an order denying a change of venue, we will require the appellant to show a reasonable ground for his appeal, or impose damages for the delay caused the respondent in the trial of the case.

Order of the Court below affirmed.

JOHNSON, J.

I concur in the judgment, but on the distinct ground that the affidavits are wholly insufficient for the purposes of the motion. The fact to be made appear on the hearing was, that the presiding Judge was interested in the case. The views taken by my associates in respect to the first affidavit meet my full approval, and as to the other one, we only differ in this:—that whilst they doubt its sufficiency, I have no hesitation in holding, without qualification, that it is not sufficient. In my judgment the second affidavit should not be extended beyond what it really states, to wit:—that Judge Haydon had some time before stated to affiant that he was the owner of 25 feet of mining ground in the claims of defendant. It at most but establishes the fact that the Judge made the statement, and were the controversy one to which he was a party, the evidence would be admissible as tending to show the fact that he was an owner at the time stated. But not so when the controversy is between others. Such an indirect mode of establishing the material fact—that he was an owner in the mining claim—cannot be done in this way, under existing circumstances. It comes within the class of hearsay evidence, " which is uniformly held incompetent to establish a *specific fact* which, in its nature, is susceptible of being proved by witnesses, who can speak from their own knowledge," or any documentary evidence which the machinery of the law affords

ample means wherewith it may be rendered available to the party desiring its use and benefit.

I furthermore concur in the views expressed in the foregoing opinion in respect to the application for damages.