# CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY *v.* UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 238. Argued April 19, 1888. — Decided May 14, 1888.

Section 5 of the act of March 3, 1879, 20 Stat. c. 180, 355, 358, did not operate to repeal § 3962 Rev. Stat.; and when it was itself repealed by the act of June 11, 1880, 21 Stat. c. 206, 177, 178, § 3962 of the Revised Statutes remained in force against railroad companies contracting to carry the mails.

When there are two provisions of law in the Statutes relating to the same subject, effect is to be given to both, if practicable.

A statute will not operate to repeal a prior statute merely because it repeats some of the provisions of the prior act, and omits others, or adds new provisions; but in such cases the later act operates as a repeal of the former one only when it plainly appears that it was intended as a substitute for the first act.

THE case was stated by the court as follows:

The petitioner, the Chicago, Milwaukee and St. Paul Railway Company, is a corporation formed under the laws of Wisconsin, and owns and operates several lines of railway in that State, and in the States of Illinois, Iowa and Minnesota, and in the Territory of Dakota. In 1879 it entered into sundry contracts with the Post-Office Department to transport the mails of the United States over its lines, on specially designated routes, at rates fixed under the acts of Congress of March 3, 1873, June 12, 1876, and June 17, 1878. The petitioner alleges that it transported the mails upon all the routes designated in accordance with the contracts, except when prevented by the elements or other unavoidable disasters; that between the autumn of 1880 and the spring of 1883, owing to snow-blockades, floods, and other unavoidable causes, which it was impossible for the petitioner to provide against, it was prevented at various times from running its trains of cars over the routes, and consequently the mails were delayed and accumulated until the cars could be got through; but the peti-

tioner did finally carry all the mails over the routes, and as frequently as it was possible; that the Post-Office Department deducted from the pay of the petitioner at divers times, during the period mentioned, a large sum of money, claiming a right to do so because of the failure of the petitioner to transport the mails upon the ordinary schedule time for the departure and arrival of the mails, notwithstanding the failures were owing to no want of diligence or care in the petitioner, but were owing wholly to the causes mentioned; and that such deductions amounted to $31,251.86, which sum the petitioner alleges is unjustly and unlawfully held from it, and therefore asks judgment for the amount. A demurrer to this petition, that it did not allege facts sufficient to constitute a cause of action, was interposed by the United States and sustained by the court. Judgment was accordingly entered dismissing the petition, and the petitioner appealed to this court.

*Mr. J. J. Farnsworth* for appellant.

*Mr. Assistant Attorney General Howard* for appellee. *Mr Attorney General* was also on the brief.

Mr. Justice FIELD, after stating the case, delivered the opinion of the court.

The deductions from the compensation claimed by the railway company for its failure to make the trips required, that is, to render the service stipulated, of which it complains, were made by the Postmaster General under § 3962 of the Revised Statutes, which is as follows:

"The Postmaster General may make deductions from the pay of contractors, for failures to perform service according to contract, and impose fines upon them for other delinquencies. He may deduct the price of the trip in all cases where the trip is not performed; and not exceeding three times the price if the failure be occasioned by the fault of the contractor or carrier." This section in terms applies to all contractors, and, standing alone, there would not be any serious contention against the authority of the Postmaster General to make the

deductions complained of. It is not pretended that the amounts exceeded those mentioned in the section. It is, however, insisted that the section, so far as applicable to railroad companies, was repealed by § 5 of the act of March 3, 1879, making appropriations for the service of the Post-Office Department for the fiscal year ending June 30, 1880, which provides:

"SEC. 5. That the Postmaster General shall deduct from the pay of the railroad companies, for every failure to deliver a mail within its schedule time, not less than one-half of the price of the trip, and where the trip is not performed, not less than the price of one trip, and not exceeding, in either case, the price of three trips: *Provided, however,* That if the failure is caused by a connecting road, then only the connecting road shall be fined. And where such failure is caused by unavoidable casualty, the Postmaster General, in his discretion, may remit the fine. And he may make deductions and impose fines for other delinquencies." 20 Stat. c. 180, 355, 358.

This latter section was repealed on the 11th of June, 1880 (21 Stat. c. 206, 177, 178); and § 12 of the Revised Statutes provides that the repeal of a repealing statute shall not revive the original act. It is, therefore, contended that there was no statute in force which authorized the deductions at the time they were made between the autumn of 1880 and the spring of 1883, during which period the alleged failures in the mail transportation occurred.

There is a brief and conclusive answer to this contention. Section 3962 of the Revised Statutes is not repealed by § 5 of the act of 1879. Section 3962 authorizes a deduction from the pay of contractors, whether they be natural persons or corporations, the price of the trip in all cases where the trip is not performed, and not exceeding three times the price if the failure be caused by the fault of the contractor or carrier. Section 5 of the act of 1879 applies only to railroad companies, and has special reference to failures of delivery within schedule time, and makes a difference between them and failures to make the trips, leaving the provision for the latter substan-

tially as it is in the Revised Statutes. When there are two acts or provisions of law relating to the same subject, effect is to be given to both, if that be practicable. If the two are repugnant, the latter will operate as a repeal of the former to the extent of the repugnancy. But the second act will not operate as such repeal merely because it may repeat some of the provisions of the first one, and omit others, or add new provisions. In such cases the later act will operate as a repeal only where it plainly appears that it was intended as a substitute for the first act. As Mr. Justice Story says, it " may be merely affirmative, or cumulative, or auxiliary." *Wood* v. *United States,* 16 Pet. 342, 363.

The most that can be said of § 5 of the act of 1879, construed with reference to § 3962 of the Revised Statutes, is that it makes an exception to the provisions of that section, so far as railway companies are concerned. Its repeal, therefore, leaves the original section in full force. The repeal was before the failures occurred for which the deductions complained of were made.

*Judgment affirmed.*