UNITED STATES VS BUCKLES, ET AL.

Opinion rendered November 24, 1906.

(97 S. W. Rep. 1022).

1.  *Criminal Law—Statutes—Repeal—by Implication.*

    The Act of Congress of January 30, 1907 (29 Stat. 506 C. 109) punishing any person who shall "introduce or attempt to introduce" any intoxicating liquor into "the Indian country—did not impliedly repeal the Act of Congress of March 1, 1895 (28 Stat. 697, C. 145, Art. 8), making it a crime for any person "who shall carry or in any manner have carried" into the Indian Territory any intoxicating liquors. The former is not in hostility to the latter. If by any reasonable construction two statutes can stand together, they must so stand.

2.  *Criminal Law—Indictment, How Far it Must Follow the Language of the Statute.*

    Under Sections 2119 and 2120 Mansf. Dig. it is not necessary that an indictment follow the exact language of the statute. If the words used, construed according to their usual acceptation in common language, are sufficient to charge the offence defined by the statute, the indictment is sufficient.

Error to the United States Court for the Northern District of the Indian Territory; before Justice Wm. R. Lawrence, December 5, 1905.

H. E. Buckles and another were convicted of carrying intoxicating liquors into the Indian Territory, and from a judgment sustaining a motion in arrest the United States brings error. Reversed and remanded.

On November 23, 1904, the grand jury returned the following indictment against defendants, to wit: "Indictment for Introducing Intoxicating Liquor. The grand jurors of the United States of America, duly selected, impaneled, sworn, and charged to inquire within and for the body of the Northern district of the Indian Territory, in the name and by the authority of the United States of America, upon their oaths do find, present, and charge that one H. E. Buckles and one Robert London on the 10th day of November, A. D. 1903, within the Northern district of the Indian Territory, unlawfully and feloniously did then and there introduce from beyond and without the limits of said Indian Territory to within said Northern district of the Indian Territory one quart of vinous liquor, one quart of malt liquor, one quart of spirituous liquor, one quart of ardent liquor, and one quart of intoxicating liquor, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America." On December 4, 1905, both defendants were arraigned, and each pleaded not guilty, and cause was tried before a jury, who returned the following verdict: "We, the jury, duly impaneled and sworn in the above entitled action, do find from the law and the evidence the within named defendants guilty in manner and form as charged in the within indictment. C. A. Robinson, Foreman." On December 5, 1905, defendants presented motion for new trial, which was overruled by the court, to which defendants excepted, and o same day defendants presented their motion in arrest of judgment, as follows: "(1) That no judgment should be rendered on the verdict found herein because the facts stated in the in-

dictment do not state a public offense within the jurisdiction of this court. (2) Because the indictment is bad and fails to state an offense under the law, in this: the indictment attempts to charge an offense under an act of Congress of 1897, which is not applicable to this jurisdiction. Wherefore they ask that no judgment on the verdict be rendered, and that the verdict be set aside and a new trial granted." Which motion was sustained by the court, to which plaintiff excepted, and by writ of error brought the case to this court.

C. L. *Rider*, Assistant United States Attorney.

James S. *Davenport* and William M. *Hall*, for defendants in error.

TŌWNSEND, J. (after stating the facts). The plaintiff in error has filed two assignments of error as follows: "First. The court erred in sustaining defendant's motion in arrest of judgment filed herein on the 5th day of December, 1905. Second. That the court erred in arresting judgment against said defendants."

The Assistant United States District Attorney in his brief quotes section 2302, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 1645), as follows: "The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court; and the court may arrest the judgment without motion on observing such defect" (which controls the criminal procedure in this jurisdiction). "The provisions of chapter forty-five of Mansfield's Digest of the General Laws of Arkansas, entitled 'Criminal Law,' except as to the crimes and misdemeanors mentioned in the proviso of this section, and chapter forty-six of said Laws of Arkansas, contained in said Digest, entitled

'Criminal Procedure,' and chapter ninety-one of said General Laws, regulating the jurisdiction and procedure before justices of the peace in civil cases, be, and they are hereby, extended to and put in force in the Indian Territory; and the jurisdiction to enforce said provisions is hereby conferred upon the United States Court in the Indian Territory." Section 48, Ind. Ter. Ann. St. 1899. And then proceeds to discuss the questions involved in this case under two heads. The first is as follows: "First. What law concerning the introduction of intoxicating liquors was in force in the Indian Territory on the date charged in the indictment, November 10, 1903?" After quoting the act of Congress of March 1, 1895 (28 Stat. 697, c. 145, § 8), which is applicable to the Indian Territory, he then quotes the act of Congress of January 30, 1897 (29 Stat. 506, c. 109), which is applicable to the Indian country. Then the Assistant District Attorney states that "the trial court expressed a doubt as to whether said act of January 30, 1897, was not in force on the date charged in the indictment herein, having by implication repealed section eight of the act of March 1st, 1895," and in his contention that the act of 1897 did not repeal the act of 1895 cites the following decisions: "It is, furthermore, a well recognized principle of law that repeals of acts by implication are not favored. In Wood vs United States, 16 Pet. (U. S.) 362, 10 L. Ed. 987, Mr. Justice Story, speaking for the court on the question of the repeal of a statute by implication, said: 'That it has not been expressly or by direct terms repealed is admitted; and the question resolves itself into the narrow inquiry whether it has been repealed by necessary implication. We say by necessary implication, for it is not sufficient to establish that subsequent laws cover some or even all of the cases provided for by it; for they may be merely affirmative, or cumulative, or auxiliary. But there must be a positive repugnancy between the provisions of the new law and those of the old; and even then the old law is repealed by implication only pro-

tanto, to the extent of the repugnancy.' In State vs Stoll, 17 Wall. (U. S.) 430, 21 L. Ed. 650, the court said, speaking of repeals by implication: "It must appear that the later provision is certainly and clearly in hostility to the former. If by any reasonable construction the two statutes can stand together, they must so stand. If harmony is impossible, and only in that event, the former law is repealed in part or in whole as the case may be.' The language of the court as set forth in the two foregoing cases was repeated and approved by the Supreme Court of the United States in Chew Heong vs United States, 112 U. S. 536, 5 Sup. Ct. 255, 28. L. Ed. 770. In C., M. & St. P. Ry. Co. vs United States, 127 U. S. 406, 8 Sup. Ct. 1194, 32 L. Ed. 180, the court said: 'Where there are two acts or provisions of law relating to the same subject, effect is to be given to both, if that be practicable. If the two are repugnant, the latter will operate as a repeal of the former to the extent of the repugnancy. But the second act will not operate as such repeal merely because it may repeat some of the provisions of the first one, and omit others, or add new provisions. In such cases the latter act will operate as a repeal only where it plainly appears that it was intended as a substitute for the first act.' Again, in the case of Petri vs F. E. Creelman Lumber Co. (decided by the same court at the October, 1905, term), 26 Sup. Ct. 133, 50 L. Ed. 281, the court said: 'It is elementary that repeals by implication are not favored, and that a repeal will not be implied unless there be an irreconcilable conflict between the two statutes. And especially does this rule apply where the prior law is a special act relating to a particular case or subject, and the subsequent law is general in its operation.' " And so, in view of the foregoing, it is respectfully submitted that the act of March 1, 1895, is now, and was on the date charged in the indictment, the only liquor law in force in the Indian Territory." The counsel for defendants in error seem

to agree with the Assistant District Attorney, when they state in their brief: "We do not contend that the act of 1897 by implication repealed the act of 1895, but we do contend that each was enacted to cover a different condition of affairs, and that each may stand together without conflicting. We agree with counsel for the government that nowhere in the act of January 30, 1897, does it appear that Congress intended it as a substitute for the act of March 1, 1895. Neither is there a repugnancy between the two acts. We contend that, when the act of 1897 was passed, there was no intention of Congress to repeal by implication or otherwise the act of 1895, for the reason that we do not think they were attempting to deal with or repeal any act applicable to the Indian Territory, but were intending to leave the act of 1895 where it stood."

The second head discussed by counsel for plaintiff in error is as follows: "Second. Do the facts stated in the indictment constitute an offense under the law in force in the Indian Territory?" Counsel contends that while the indictment in this case does not use the exact language of the act of March 1, 1895, and does use in part the language of the act of January 30, 1897, that the true rule for testing an indictment is to test it by the law recognized to be in force in this jurisdiction, and not by some law which may or may not be in force. It is not necessary that an indictment follow the exact language of the statute. Sections 2119, 2120, Mansf. Dig. (Ind. Ter. Ann. St. 1899, §§ 1462, 1463), read as follows:

"Sec. 2119. The words used in a statute to define an offense need not be strictly pursued in an indictment, but other words conveying the same meaning may be used.

"Sec. 2120. The words used in an indictment must be construed according to their usual acceptation in common

language, except words and phrases defined by law, which are to be construed according to their legal meaning."

Hence, if the words used, construed according to their usual acceptation in common language, are sufficient to charge the offense defined by the statute, the indictment is sufficient. The only difference of moment in the language is the use of the word "introduce" in the indictment where the language of the act of 1895 is "to carry or have carried into." Are these words synonymous, and do they convey the same meaning when construed according to their acceptation in common language? Defendants in error say: "The offense the defendants in error in this case stand charged with was not an offense at common law, but is purely a statutory offense, and our contention is that in drawing an indictment for a statutory offense the statutory language must be employed or words having the same meaning." It is unquestionably true that all the acts of Congress regulating the introduction and sale of liquors to Indians are in pari materia, and should, therefore, be construed together as a whole. It is insisted that the act of 1895 is the only one that uses the words "to carry or have carried into," instead of the word "introduce," both of which were intended to prevent the importation of liquors. This clear intention of Congress is readily apparent, and when the intention is once determined, and when the statute regulating the procedure in this jurisdiction says it is not necessary that the words used to define an offense in a statute should be strictly pursued, but words conveying the same meaning may be used, it is our judgment that the facts stated in the indictment constitute an offense under the law in force in the Indian Territory. In the case of McDonald vs Hovey, 110 U. S. 629, 4 Sup. Ct. 146, 28 L. Ed. 269, the court, speaking of the use of different words in statutes which were pari materia, said: "As said by the New York Court for the Correction of Errors, in Taylor vs

Delancy, 2 Caines, Cas. (N. Y.) 150: 'Where the law antecedently to the revision was settled, either by clear expressions in the statutes, or adjudication on them, the mere change of phraseology shall not be deemed or construed a change of the law, unless such phraseology evidently purports an intention in the Legislature to work a change." It is agreed by both plaintiff and defendant in error that there was no repeal by implication.

We are of the opinion that it was error to arrest the judgment in this case, and the same is reversed and the cause remanded for judgment on the verdict.

Reversed and remanded.

GILL, C. J., and CLAYTON, J., concur.