[No. 2024]

THE STATE OF NEVADA, EX REL. PACIFIC REC-
LAMATION COMPANY AND GEO. M. BACON,
RELATOR, *v.* EDWARD A. DUCKER, JUDGE OF
THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE
OF NEVADA, IN AND FOR THE COUNTY OF HUM-
BOLDT, RESPONDENT.

1. APPEAL AND ERROR—STATUTES—REPEAL BY IMPLICATION.

   Section 387 of the practice act, effective January 1, 1912
   (Rev. Laws, 5329), provides that an appeal may be taken (2)
   from an order granting or refusing a new trial, or refusing to
   grant or dissolve an injunction, or refusing to appoint a
   receiver, or refusing to change the place of trial, and from any
   special order made after final judgment within sixty days
   after made and entered. The former practice act of 1869
   (Stats. 1869, p. 248), sec. 330, provides that an appeal may be
   taken from an order "granting or dissolving an injunction and
   from an order refusing to grant or dissolve an injunction."
   The act approved January 26, 1865, sec. 6 (Rev. Laws, 4833),
   "concerning the courts of justice of this state and judicial
   officers," gives the supreme court jurisdiction of an appeal
   from an order "granting or refusing to grant an injunction or
   *mandamus* in a case provided for by law." *Held*, that section
   387 did not impliedly repeal section 6 authorizing an appeal
   from an order granting an injunction, so that an appeal lies
   from such order.

2. STATUTES—IMPLIED REPEAL.

   Repeals by implication are not favored.

3. APPEAL AND ERROR—REPEAL—IMPLICATION.

   It cannot be said that section 387 of the practice act (Rev.
   Laws, 5329) was intended to cover the whole subject as to
   appeals so as to make it operate to repeal all other statutes
   on the subject, including section 6 of the act of 1865 (Rev.
   Laws, 4833) ; Rev. Laws, 4564, 6089, 6112 and 6133, providing
   for appeals from certain other orders.

4. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT.

   The legislative intent in enacting statutes must control, and
   rules of construction are but aids in ascertaining such intent.

5. APPEAL AND ERROR—INJUNCTION—STAY BOND.

   On appeal from a mandatory injunction requiring defend-
   ant to release water from its reservoir and permit it to flow
   down the stream so that plaintiff could use it, defendant was
   entitled, as a matter of right, to a stay of proceedings upon
   the injunction upon the filing of a proper stay bond.

ORIGINAL PROCEEDING in *mandamus* by the State, on
the relation of the Pacific Reclamation Company and

another, against Edward A. Ducker, as Judge of the Sixth Judicial District Court. **Writ authorized to issue on application for stay bond.**

The facts sufficiently appear in the opinion.

*Platt & Gibbons* and *Geo. S. Brown,* for Relators:

The question to be decided is whether or not the amendments of 1911 to the practice act (Rev. Laws, 5329) have repealed the act of 1865 (Rev. Laws, sec. 4833). If those amendments have not worked such a repeal, the relators have as a statutory right an appeal from the order granting the preliminary injunction. The act of 1865 is nowhere expressly repealed. It is not a part of the practice act, but an independent act referring by its title to the subject of other than questions of practice. It is evident that it was the object of the practice act, as it plainly states, to define and prescribe the method of taking appeals. This position is not in any way affected by the reason that the practice act defines certain orders which are appealable. The court must necessarily hold all orders mentioned in the practice act as appealable, as conferring jurisdiction of this court to hear such appeals, since it cannot convict the legislature · of such an absurdity as granting a right of appeal without at the same time granting. jurisdiction to hear such appeal. The grant of the right of appeal is at the same time a grant of jurisdiction to hear the same. There is no statutory or constitutional provision which prohibits the legislature from granting a right of appeal in two different laws. Every lawyer knows that all the rights of appeal are not enumerated in the practice act.

It would seem to be a reasonable interpretation of the action of the legislature of 1911 that, seeing upon the statute books two acts providing for precisely the same thing—to wit, an appeal from an order granting an injunction—they struck out one of these provisions as being superfluous, with the intent that the other provisions should continue to be the law.

We refer the court to the case of *Peters* v. *Jones,* 26 Nev. 259. The majority of the court there decided contrary to our contention, but if the court is to decide this question upon reason and upon the principles of law, we submit the authorities cited by Judge Fitzgerald as absolutely conclusive in favor of the position taken by us.

As to relator's right to a stay pending appeal, if they have an appeal, in our mind the question is too plain to admit of argument.

Water being real estate and the order appealed from directing the delivery of possession of real property, the case is within the very words of section 5351 of the Revised Laws, and it has been held by the Supreme Court of Utah, where the statute is similar to the Nevada statute, that this section applies to cases like the present. (*Elliot* v. *Whitmore,* 37 Pac. 459.)

*Cheney, Downer, Price & Hawkins,* for Respondent:

No appeal lies from the order granting the injunction *pendente lite*—and this court is without jurisdiction.

The right of appeal is purely statutory; did not exist at common law, and unless authorized by statute does not exist. (*State* v. *Langan,* 29 Nev. 459; *Kapp* v. *Kapp,* 31 Nev. 70.)

It is a well-established principle that no one has a vested right to an appeal or to any particular form of remedy. That procedure may be changed by the legislature at will, cannot be questioned. That the legislature, in enacting the new practice act, took away the right of appeal from an order granting an injunction, is clear.

Whether an appeal lies or not, is determined by section 387 of the practice act (Rev. Laws, 5329), and not by the act of 1865 (Rev. Laws, 4828, 4833). (*Table Mountain M. Co.* v. *Waller's Defeat Co.,* 4 Nev. 218; *Keyser* v. *Saylor,* 4 Nev. 435; *Williams* v. *Keller,* 6 Nev. 477; *Meadow Valley M. Co.* v. *Dodds,* 6 Nev. 261; *Kehoe* v. *Blethen,* 10 Nev. 445.)

In *State* v. *Shaw,* 21 Nev. 222, this court, in deciding whether an order changing the place of trial was appealable, decided that it was not; but that the question was

properly brought before the court upon an appeal from the judgment. If the act of 1865 is an act creating or defining the right of appeal, or orders from which appeal may be taken, then this decision was error.

*Peters* v. *Jones,* 26 Nev. 259, was an appeal taken from orders changing the place of trial. The appeal was dismissed. The court, by Belknap, J., said: "Section 3425 enumerates the judgments and orders from which an appeal may be taken." See, also, *State* v. *Langan,* 29 Nev. 459; *Kapp* v. *Kapp,* 31 Nev. 70; *Lake* v. *King,* 16 Nev. 215; *Gulf C. & S. F. Ry. Co.* v. *Fort Worth and N. O. Ry. Co.,* 3 S. W. 564.

Where the legislature revises the statutes of the state, after a particular statute has been construed without changing that statute, the presumption is that the legislature intends that the same construction should be continued on that statute.

Prior to the passage of the act of 1865 we had no statute defining jurisdiction and no statute defining state courts. It is perfectly clear that the act referred to was enacted for the purpose of meeting conditions existing after Nevada was admitted as a state.

That the right to the injunction, as granted in this case, is not of the class of mandatory injunctions, which may be stayed when an appeal lies from the granting of the injunction, is clearly shown in the following cases: *Hulbert* v. *Cement Co.,* 118 Pac. 928; *Cole Silver M. Co.* v. *Virginia Water Co.,* 6 Fed. Cas. 72; 1 Sawy. 658; 7 Morr. Min. Rep. 516; *Rogers* v. *Erie Ry. Co.,* 20 N. J. Eq. 379; *Greenbay & M. Canal Co.* v. *Norrie,* 120 Fed. 986; *Broome* v. *N. Y. and N. J. Tel. Co.,* 7 Atl. 851; *Murdock's Case,* 21 Am. Dec. 391, 392; *Toledo R. R. Co.* v. *Philadelphia Co.,* 54 Fed. 741; *Pokegama Lumber Co.* v. *Klamath Lumber Co.,* 86 Fed. 528.

By the Court, NORCROSS, J.:

This is an original proceeding in *mandamus* to require the respondent to fix the amount of an undertaking to stay the execution, operation, and effect of an order

granting an injunction *pendente lite* in an action which involves the right to certain of the waters of Humboldt River, instituted by the Union Canal Ditch Company and others against the above-named relators, pending an appeal from such order. The motion of the defendants below, relators herein, for an order fixing the amount of a stay bond pending the appeal was denied "upon the grounds that a proper case does not appear requiring the fixing of a stay bond, and that no appeal lies from the order of the court granting a temporary injunction."

Two questions are presented in this proceeding:

(1) Does an appeal lie from an order granting an injunction?

(2) Was the refusing of a stay bond pending an appeal from the order a matter within the discretion of the trial judge?

[1] Section 387 of the practice act, which went into effect January 1, 1912 (Rev. Laws, 5329), provides: "An appeal may be taken: (1) * * * (2) From an order granting or refusing a new trial, or refusing to grant or dissolve an injunction, or appointing or refusing to appoint a receiver, or dissolving or refusing to dissolve an attachment, or changing or refusing to change the place of trial, and from any special order made after final judgment, within sixty days after the order is made and entered in the minutes of the court. (3) * * *"

Section 330 of the former practice act adopted in 1869 (Stats. 1869, p. 248), provided that: "An appeal may be taken: * * * From an order granting or refusing a new trial, from an order granting or dissolving an injunction, and from an order refusing to grant or dissolve an injunction. * * *"

Section 6 of "An act concerning courts of justice of this state, and judicial officers," approved January 26, 1865 (Rev. Laws, 4833), provides: "The supreme court shall have jurisdiction to review upon appeal: First, a judgment in an action or proceeding, commenced in a district court, when the matter in dispute is embraced

in the general jurisdiction of the supreme court, and to review upon appeal from such judgment any intermediate order or decision involving the merits and necessarily affecting the judgment; second, an order granting or refusing a new trial in such cases; an order granting or refusing to change the place of trial of an action or proceeding after motion is made therefor in the cases in which that court has appellate jurisdiction, and from an order granting or refusing to grant an injunction or *mandamus* in the cases provided for by law."

It is the contention of counsel for respondent that, as no provision is contained in section 387, *supra,* of the present practice act authorizing an appeal from an order granting an injunction, no appeal lies therefrom. It is the contention of counsel for relators that the right of appeal exists under the provisions of section 4833, Rev. Laws, *supra.* The original practice act, adopted by the territorial legislature in 1861, provided for an appeal from an order "refusing to change the place of trial." (Stats. 1861, pp. 361, 363, secs. 274, 285.) The statute of 1865, relative to courts of justice and judicial officers, referred to, *supra,* was adopted at the first legislative session following the organization of the state government. This act was designed largely to meet the situation occasioned by the changes made in the courts by the constitution. The practice act of 1861 remained in force after the state organization and until specifically repealed by the practice act of 1869, which in turn was specifically repealed by the practice act of 1912. The practice act of 1869 (section 330) did not contain a provision for an appeal from an order changing or refusing to change the place of trial. Both the practice acts of 1861 and 1869 contained provisions for an appeal "from an order granting or dissolving an injunction, and from an order refusing to grant or dissolve an injunction."

With these preliminary observations we come to a consideration of the decisions of this court in the cases of *Peters* v. *Jones,* 26 Nev. 259, and *State* v. *Shaw,* 21 Nev. 222. The Shaw case came up on appeal from a

final judgment, and the question there presented was whether an order changing the place of trial was reviewable otherwise than on direct appeal. The court said: "The respondent objects to the consideration of the order changing the place of trial from Nye County to Eureka County upon the ground that such an order can only be reviewed upon a direct appeal therefrom. Under our present practice act, however, such an order is not appealable. (Gen. Stats. 3352.) It is properly brought before the court upon an appeal from the judgment, under section 3360, as an intermediate order involving the merits and necessarily affecting the judgment. When *Table Mountain G. & S. M. Co.* v. *Waller's Defeat S. M. Co.,* 4 Nev. 218, 97 Am. Dec. 526, was decided, the statute made such orders appealable. The objection is therefore untenable."

Neither in the opinion nor in the briefs of counsel is to be found any reference to section 6 of the act of 1865, quoted *supra.*

In the Peters case the court said: "This is an appeal from an order changing the place of trial of this action. Under our former practice act, as amended in 1865 (Stats. 1865, p. 111), an order granting or refusing to change the place of trial of an action or proceeding was appealable to this court. (Section 2513, Comp. Laws; *Table Mountain G. & S. M. Co.* v. *Waller's Defeat S. M. Co.,* 4 Nev. 218, 97 Am. Dec. 526.) When the present practice act was adopted in 1869, it was provided in the first section of title 9, upon the subject of appeals in civil actions, that 'a judgment or order in a civil action, except when expressly made final by this act, may be reviewed as prescribed by this title and not otherwise.' (Section 3422, Comp. Laws.) Section 3425 enumerates the judgments and orders from which an appeal may be taken. They are: * * * The above provisions omit the provision contained in the prior law that an appeal may be taken from an order granting or refusing to change the place of trial. Such orders, therefore, are

not appealable by the terms of the statute. This was the ruling in the case of *State v. Shaw*, 21 Nev. 222. A contrary ruling was made in the case of *Elam* v. *Griffin*, 19 Nev. 442. In that case the attention of the court was not directed to the change that had been made in the statute."

If the court in the latter case did not fall into error in assuming that section 6 of the act of 1865, concerning courts and judicial officers, was an amendment of the practice act of 1861, then the conclusions reached in that case might be controlling under the facts presented in this case. We are, however, unable to find any reason or authority for assuming that the said section 6 was an amendment of the then existing practice act. The constitution (Rev. Laws, 275) points out how a section of a statute may be amended, and it will not be contended that such method was followed. Fitzgerald, J., pointed out in his dissenting opinion that section 6 of the act of 1865 was not an amendment of the practice act, and no answer to his contention is to be found in the prevailing opinions which simply assumed that the act of 1861 was amended by the act of 1865.

The act of 1865, concerning courts and judicial officers, was a comprehensive act containing sixty-five sections specially devoted to the subject of the power and jurisdiction of the various courts and the duties and functions of judicial officers. It was an act *in pari materia* with the civil and criminal practice acts, the act in relation to estates of deceased persons and other acts having to do with the powers and procedure of courts. All its provisions were and are subject to the well-settled rules for the construction of acts *in pari materia*. The act of 1865 has never been specifically repealed in whole or in part. If any of its provisions are not now in force, it is because they have been repealed by implication.

[2] That repeals by implication are not favored is a rule of construction that this court has had repeated occasion to apply. (*Thorpe* v. *Schooling*, 7 Nev. 17; *Estate*

*of Walley,* 11 Nev. 260; *State* v. *Donnelly,* 20 Nev. 214; *State* v. *LaGrave,* 23 Nev. 373.)

In *State* v. *LaGrave, supra,* this court said: "The rule that courts are bound to uphold the prior law if it and a subsequent one may subsist together, or if it be possible to reconcile the two together, is well settled. (*McCool* v. *Smith,* 1 Black, 470, 17 L. Ed. 218; Endlich on the Interpretation of Statutes, sec. 210; see the numerous authorities cited by note 1.) Unless the latter statute is manifestly inconsistent with and repugnant to the former, both remain in force. (*Industrial School Dist.* v. *Whitehead,* 13 N. J. Eq. 290, and cases cited.) A general statute without negative words will not repeal the particular provisions of a former one unless the two acts are irreconcilably inconsistent. (*State, ex rel. Dunkel,* v. *Beard,* 21 Nev. 218.) The repeal, total or partial, of statutes by implication is not favored. As to this rule there can be no difference of opinion, and further authorities need not be cited."

In *Thorpe* v. *Schooling, supra,* it was said: "True repeals by implication are not favored; and if it not be perfectly manifest, either by irreconcilable repugnancy or by some other means equally indicating the legislative intention to abrogate a former law, both must be maintained. The intention, if perfectly clear, however, must control, however it may be expressed or manifested. It is upon this principle, evidently, that it is held that a statute revising the whole subject-matter of a former law repeals it."

Between section 6 of the judiciary act of 1865 and section 387 of the practice act of 1912, in so far as appeals from orders affecting injunctions are concerned, there is no repugnancy. The section first mentioned provides: "The supreme court shall have jurisdiction to review upon appeal: * * * An order granting or refusing to grant an injunction or *mandamus* in the case provided for by law." The last-mentioned section provides: "An appeal may be taken: * * * From an order * * * refusing to grant or dissolve an injunction * * * within sixty days after the order is made

and entered in the minutes of the court." Each section refers to a separate and distinct class of orders affecting injunctions, and each section covers what the other omits. Together they give a right of appeal in all those cases which the law of this state has given continuously since the organization of the territorial government more than a half century ago. There being no repugnancy between the two sections, a repeal by implication cannot be said to have been effected for that reason.

[3] Nor can it be said that the legislature, in section 387 of the practice act, intended to cover the whole subject-matter of the cases in which an appeal would lie to the supreme court. The act in relation to estates of deceased persons and other acts contain provisions for appeals from certain orders that have never been attempted to be covered by provisions in the practice act. (Rev. Laws, 4564, 6089, 6112, 6133.)

If section 387 of the practice act had omitted entirely all specific reference to appeals from orders affecting injunctions, a situation would be presented upon the facts similar to that presented in the *Peters* v. *Jones* case, and it might with greater reason be said that the total omission of the subject-matter was indicative of a legislative intent to take away a theretofore existing right. We do not wish to be understood as holding that this circumstance alone would be sufficient to accomplish a repeal by implication of another existing statute covering the subject-matter omitted. Other independent considerations might be potent in determining the legislative intent.

[4] When the legislative intent can be ascertained, that must govern, and all rules of construction are but mere aids in the ascertainment of such intent. An examination of the provisions of subdivision 2 of section 387 discloses that in every case where there is an appeal allowed from a specific character of order, with the single exception of orders affecting injunctions, the appeal is given both from the affirmative and negative action of the trial

court, to wit, granting or refusing a new trial; appointing
or refusing to appoint a receiver; dissolving or refusing
to dissolve an attachment; changing or refusing to change
place of trial.   Thus we think the section shows on its
face evidence of the omission, through accident or inad-
vertence, of provisions which appeared in corresponding
sections of former practice acts.   The section heading
to section 387 was incorporated in the act as adopted.
It reads: "Time within which an appeal may be taken."
In arriving at the intention of the legislature in doubtful
matters, reference may be had to titles of chapters and
headings of sections.   There is nothing in this heading to
suggest that the section was intended to cover all mat-
ters in which an appeal would lie.   If we may not indulge
a consideration that there may have been an omission of
an important provision through accident or inadvertence
in the adoption of a statute containing nearly nine hun-
dred sections, nevertheless we find nothing in the statute
itself that would warrant this court in finding a manifest
intent to repeal by implication the positive provisions of
an existing statute.   Holding that the provisions in ques-
tion of section 6 of the act of 1865 are not repealed by
an omission of the same provisions from section 387 of the
act of 1912 is a very different proposition from construing
into the latter section the omitted words.

   In *Chicago Railway Co.* v. *United States*, 127 U. S. 409,
8 Sup. Ct. 1196, 32 L. Ed. 180, Mr. Justice Fields says:
"When there are two acts or provisions of law relating
to the same subject, effect is to be given to both, if that
be practicable.   If the two are repugnant, the latter will
operate as a repeal of the former to the extent of the
repugnancy.   But the second act will not operate as such
repeal merely because it may repeat some of the provi-
sions of the first one and omit others, or add new pro-
visions.   In such cases the later act will operate as a
repeal only where it plainly appears that it was intended
as a substitute for the first act.   As Mr. Justice Story
says, it 'may be merely affirmative, or cumulative, or

auxiliary.' (*Wood* v. *United States,* 16 Pet. 342–363, 10 L. Ed. 987.)"

In *Rosencrans* v. *United States,* 165 U. S. 257, 262, 17 Sup. Ct. 302, 304, 41 L. Ed. 708, the court, by Mr. Justice Brewer, said: "When there are statutes clearly defining the jurisdiction of the courts, the force and effect of such provisions should not be disturbed by a mere implication flowing from subsequent legislation. In other words, where Congress has expressly legislated in respect to a given matter, that express legislation must control, in the absence of subsequent legislation equally express, and is not overthrown by any more inferences or implications to be found in such subsequent legislation. Especially is this rule to control when it appears that Congress in some cases has made express provisions for effecting a change. This does not conflict with the doctrine stated in *Re Bonner,* 151 U. S. 242, 256, 14 Sup. Ct. 323, 325, 38 L. Ed. 149, that the jurisdiction of a court in criminal cases cannot 'be enlarged by any mere inferences from the law or doubtful construction of its terms.' It is rather the converse of that, for the effort is to destroy a jurisdiction otherwise clearly existing, by mere inferences and doubtful construction."

See, also, *Carpenter* v. *Russell,* 13 Okl. 277, 73 Pac. 930.

When the Table Mountain case, 4 Nev. 218, 97 Am. Dec. 526, cited in the Peters case, was decided, both the practice act of 1861 and the judiciary act of 1865 provided for appeals from orders refusing to change the place of trial. Hence that case could throw no light on the question under consideration.

We think the words, "in the case provided for by law," concluding section 6 of the act of 1865, refer to those provisions of the practice act relative to the granting or dissolving of injunctions, and not to the section of the practice act enumerating certain judgments or orders as appealable, as contended by counsel for respondent. Counsel have referred to a number of cases decided by this court containing expressions to the effect that the

right of appeal was to be determined by reference to the section of the practice act enumerating instances in which an appeal would lie. Such expressions do not amount to a holding that no other provisions of statutes exist authorizing appeals, for no such question was before the court in those cases calling for such a decision.

The act of 1865, "An act concerning the courts of justice of this state, and judicial officers" (Rev. Laws, 4828–4885), was adopted, with some modifications, from a statute having the identical title, enacted by the legislature of California and approved April 20, 1863. (Stats. Cal. 1863, p. 333.) Section 6 of our act of 1865 corresponds to the same numbered section in the act of 1863 of the California statute. The California statute of 1863 does not appear to have ever been specifically repealed, but, when the code of civil procedure was adopted by that state in 1872, the general subject-matter of the judiciary act of 1863 appears to have been incorporated in the code of civil procedure. Section 6 of the judiciary act was omitted from the revision, but section 5, with some modifications, was included and appears as section 52 of the code of procedure act. A number of decisions of the Supreme Court of California refer to section 52 as conferring jurisdiction on that court in matters of appeal. (*Morton* v. *Broderick*, 118 Cal. 474, 50 Pac. 644; *People* v. *Bank*, 152 Cal. 261, 92 Pac. 481.) This court in *Goldfield M. M. Co.* v. *Frances-Mohawk M. & L. Co.*, 33 Nev. 491, 504, recognized section 6 of the act of 1865 as an existing provision of law. We think there are sufficient weighty and conclusive reasons for holding that the provisions of section 6 of the act of 1865, allowing a right of appeal from an order granting an injunction, have not been repealed, and that such right exists.

[5] Defendants, relators herein, having the right of an appeal from an order granting an injunction *pendente lite,* was it the duty of the court, upon application, to fix a bond staying execution of the injunction pending appeal? It appears that the Pacific Reclamation Company had constructed on the head waters of the

Humboldt River and certain of its tributaries a large reservoir for the storing of waters of said river and its tributaries, and it is alleged that the cost of this reservoir was about $140,000; that at the time of the issuance of the injunction several thousand acre-feet of water were stored in this reservoir. In addition to prohibiting the defendants from storing, impounding, diverting, or using these waters, the injunction commanded that the "Pacific Reclamation Company, its agents, servants, and employees are commanded and ordered to remove from said Humboldt River, and from said Bishop Creek, and from said Burnt Creek, and from said Trout Creek, or either of them, the obstruction or obstructions therein placed by said defendant, Pacific Reclamation Company, so as to permit the waters thereof hereintofore impounded or stored in said storage reservoir as in the complaint alleged, to flow out, into and down the channel of said Bishop, Burnt, and Trout Creeks, or either of them, and said Humboldt River, as and in the manner said water or waters of said streams were wont or accustomed to flow, prior to the placing or erection of obstructions therein, in the complaint herein referred to, by the defendants or either of them, pending the final hearing of the above-entitled action, and until the further order of this court."

This is a mandatory injunction as distinguished from a mere prohibitive injunction. It requires the delivery of water in the possession and under the control of defendants to plaintiffs. On an appeal from a mandatory injunction requiring defendants to deliver property to plaintiffs, as in this case, an appeal from the order entitles the defendants, as a matter of right, upon the filing of a proper stay bond, to a stay of proceedings under the injunction. In such a case, the fixing of the amount of a stay bond is not a matter of discretion with the trial court. (*Mining Co.* v. *Fremont,* 7 Cal. 130; *Bliss* v. *Superior Court,* 62 Cal. 543; *Dewey* v. *Court,* 81 Cal. 64, 22 Pac. 333; *Schwartz* v. *Court,* 111 Cal. 106, 43 Pac. 580; *Foster* v. *Court,* 115 Cal. 279, 47 Pac. 58;

*Nark* v. *Court,* 129 Cal. 1, 61 Pac. 436; *Elliot* v. *Whitmore,* 10 Utah, 238, 37 Pac. 459; Rev. Laws, 5351.)

The identical question, under a similar state of facts as here presented, was considered by the Utah court in *Elliot* v. *Whitmore, supra,* and it was there held to be the duty of the court below to fix the amount of a *supersedeas* bond pending appeal. See, also, *State* v. *Superior Court,* 39 Wash. 115, 80 Pac. 1108, 1 L. R. A. (N. S.) 554, 109 Am. St. Rep. 862, and note to latter case as reported in 4 Ann. Cas. 232; *State* v. *Superior Court,* 28 Wash. 403, 68 Pac. 865; *State* v. *Superior Court,* 43 Wash. 225, 86 Pac. 632; *Home Fire Insurance Co.* v. *Dutcher,* 48 Neb. 755, 67 N. W. 767.

Petitioners are entitled to the peremptory writ in this case, but as the trial court assumed, because of former decisions of this court, that no appeal would lie from an order granting an injunction, we think the issuance of the writ should be stayed until such time as another application can be made to the court to fix the amount of a stay bond and until the further order of this court.

It is so ordered.