(110 So. 81)

No. 27435.

### CITY OF NEW ORLEANS v. LIBERTY SHOP, Limited.

(May 31, 1926. Rehearing Denied Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Municipal corporations ⬤116.**

Zoning ordinance, extending zoned area but permitting continuance of established businesses, *held* not to have repealed former zoning ordinances so as to authorize continuance of business established in violation thereof before enactment of later ordinance.

**2. Statutes ⬤158.**

Repeals by implication are not favored, and later act will not be substituted for prior one unless such intention plainly appears.

St. Paul, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Suit by the City of New Orleans against the Liberty Shop, Limited. Judgment sustaining an exception of no cause of action, and plaintiff appeals. Judgment set aside, and case remanded, with directions.

Rehearing denied; O'Niell, C. J., dissenting.

T. Semmes Walmsley, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee.

THOMPSON, J. This is the second time this case has been brought on appeal to this court by the city from adverse judgments rendered by the court below.

The first appeal was from a judgment which dismissed the suit ex proprio motu because in the opinion of the trial judge a court vested only with civil jurisdiction was incompetent to issue an injunction to restrain the violation of a penal statute. This court reversed the judgment and remanded the case, 157 La. 26, 101 So. 798, 40 A. L. R. 1136.

The present appeal is from a judgment sustaining an exception of no cause of action.

The object of the city is to restrain the defendant from conducting the business of retail dealer in ladies' wearing apparel at 2220 St. Charles avenue, between Jackson avenue and Phillip street, which business it is alleged was being operated in violation of Zoning Ordinances Nos. 5645, 5653, 5684 and 6953, C. C. S.

These ordinances were adopted January 13, 1920, February 4, 1920, April 7, 1920 and June 28, 1922, respectively.

The several ordinances specially named certain businesses which shall not be permitted within the zoned area, as well as those which are not to be prohibited, and then follows a general provision, substantially alike in each ordinance, prohibiting any sort of business, trade, or manufacturing.

All of the ordinances provide that they are to take effect from and after passage.

It is admitted that the defendant's place of business is within the zoned area and that the several ordinances were in force at the time defendant established its business, which was on September 19, 1923.

It may also be taken for granted, for the purpose of this discussion that the character and kind of business operated by the defendant was prohibited by the zoning ordinances in force at the time defendant commenced business.

After the defendant had established its business, the city adopted another zoning ordinance designated by the number 7558 extending the zoned area. This ordinance in all other respects was substantially the same as the prior ordinances, at least it contained no material change in which the defendant could have the slightest interest or in any manner be affected, unless, as contended by defendant, the ordinance can be said to be a substitute for and to take the place of the prior ordinances.

This latter ordinance did not on its face purport to amend, revise, or re-enact the prior ordinances. Like all of the others it was to take effect from and after its passage, and provided, as did the prior ordinances, that, when a place of business shall become vacant, said place or building shall thereby lose its identity and shall not thereafter be used for any business prohibited by the ordinance.

The last-named ordinance only repealed the prior ordinances in so far as such ordinances were in conflict with its provisions.

The penalty imposed by the last-named ordinance was the same as that provided by the prior ordinances.

[1] The exception of no cause of action is grounded on the contention (1) that Ordinance 7558 repealed in toto and superseded all prior ordinances on the same subject-matter, and that it was prospective only in its operation, and that it did not prohibit the operation of defendant's establishment which had been established on the premises prior to its adoption; and (2) that, even if Ordinance 7558 did not repeal in toto all prior ordinances on the same subject-matter, it did repeal them in so far as its provisions were inconsistent with those of prior ordinances—the provisions of the prior ordinances, which permit only prohibited businesses established in the zoned area prior to June, 1922, to continue until a vacancy occurs, being inconsistent with and superseded by the provision of 7558, which permits such prohibited businesses established prior to October 17, 1923, to continue until a vacancy occurs, and further that the provisions of the prior ordinances, which make it a crime to establish a business only after January, 1920, and June, 1922, are inconsistent with the provisions of the later ordinance, making it illegal to do so only after October 17, 1923.

The two contentions may be considered together, since in their final analysis and for all practical purposes they involve the same issue, which is whether or not the later ordinance was intended to, cover, or had the legal effect of covering the whole field of zoning legislation, thereby abrogating all prior ordinances with respect to the area in which defendant was located and legalizing a business which was theretofore admittedly illegal.

The learned counsel for defendant cites

and quotes from, with apparent confidence, the case of the City v. Lakowsky, 158 La. 70, 103 So. 513.

A careful study of that case will show that it has no pertinent application to the question here raised. The ordinance there under consideration not only increased the penalty imposed by the prior ordinance, but in express terms repealed the prior ordinance. As a matter of fact, the court found that the ordinance was so patently inconsistent with the prior ordinance as to make evident the intention to enact a new ordinance to supersede the old one and to take the place of all former zoning ordinances specially designated in the repealing clause.

An entirely different situation exists in the instant case. There was no express repeal of any prior ordinance except in so far as the provisions of the later ordinance might be inconsistent with the provisions of the previous ordinances.

There was no change in the penalty imposed by the anterior ordinances.

We are unable to discover anything in the last ordinance manifesting or even indicating any intention to repeal all prior ordinances affecting the area or the business in question. The business of the defendant was prohibited by all of the ordinances when it was established. It continued to be conducted in violation of said ordinances, and was not legalized by nor exempted from the provisions of the later ordinance, which did no more, so far as the defendant is concerned, than to rezone the same area.

We are unable to agree with counsel in their contention that the provision of the later ordinance, to the effect that, whenever any place or building used or occupied for any business shall become vacant, said place or building shall thereby lose its identity, is inconsistent with or supersedes the similar provisions of the prior ordinances, or that such provision in the last ordinance had the effect of permitting a continuance of a business which had been established and was being illegally operated under the prior ordinances.

The evident purpose of the provision in each ordinance was to permit the continuance and not to disturb such businesses as were lawfully established and being operated at the time the ordinances were adopted. In other words, the ordinances were prospective and not retroactive. None of the said ordinances made, or were intended to make a business unlawful which was at the time lawful, nor to make a business lawful which at the time was unlawful.

The doctrine of legislative pardon is obviously inapplicable here, for the reason there was no change in the main purpose and object of the ordinances and no different punishment provided in the later ordinance from that authorized to be imposed by the prior ordinances.

Counsel also cite and quote at length from numerous decisions of the Supreme Court of the United States and from the highest court of many of the states to sustain the proposition that a subsequent statute or ordinance which covers the whole subject-matter of an earlier one operates as a repeal of the earlier statute or ordinance, even though the later statute contains no express words of repeal and although there is no repugnancy in the usual sense of the term between the two statutes or ordinances.

It must be observed, however, that in practically all of the cases relied on as sustaining this doctrine, the court laid great stress upon the fact that the statute which was held to operate a repeal plainly showed that it was intended to have that effect and to stand as a substitute for the prior statute.

Thus in the case of United States v. Tynen, 11 Wall. 88, 20 L. Ed. 153, cited by counsel as the leading case, it was said:

"And even where two acts are not in express terms repugnant, yet, if the latter act covers the whole subject of the first, and embraces new provisions, *plainly showing that it was intended as a substitute* for the first act, it will operate as a repeal of that act." (Underscoring by writer.)

And it appears that almost the exact language was used by the court in District of Columbia v. Hutton, 143 U. S. 18, 12 S. Ct. 369, 36 L. Ed. 60, and The Paquete Habana, 175 U. S. 677, 20 S. Ct. 290, 44 L. Ed. 320.

In State v. Conkling, 19 Cal. 501, the court said:

"Every statute must be considered according to what appears to have been the intention of the Legislature, and, even though two statutes relating to the same subject be not in terms repugnant or inconsistent, if the latter statute *was clearly intended to prescribe the only rule which should govern* in the case provided for, it will be construed as repealing the original act." (Underscoring by the writer.)

We repeat that there is no repugnancy between Ordinance 7558 and the prior ordinances, the prior ordinances were not repealed in toto, and it does not *plainly appear* from the ordinance that it was intended to repeal or to supersede or to be a substitute for the prior ordinances. There is nothing in the later ordinance that would even suggest such a purpose or intent on the part of the commission council.

[2] We take it to be a well-settled rule of construction that repeals by implication are not favored, and a later act will not be held as a substitute for a prior one unless it plainly appears that it was so intended, or that the provisions of the two acts are so repugnant that they cannot be reconciled.

"But the second act will not operate as such repeal merely because it may repeat some of the provisions of the first one, and omit others, or add new provisions. In such cases the later act will operate as a repeal *only* where it plainly appears that it was intended as a substitute for the first act. As Mr. Justice Story says, it 'may be merely affirmative, or cumulative, or auxiliary.'" Chicago Railway Co. v. United States, 127 U. S. 406, 8 S. Ct. 1194, 32 L. Ed. 180.

The rule is laid down in R. C. L. vol. 25, p. 922 to the effect that an act will not necessarily be repealed because some or all of its provisions are covered by a later act; for the later act may be merely cumulative or auxiliary.

And the author further declares that, where a repeal, if admitted would operate to the prejudice of the government, the supposed repugnancy ought to be clear and controlling before it can be held to have that effect.

To hold in this case that all of the ordinances zoning the area in question were wiped out by Ordinance 7558 would be to the manifest injury of the zoning policy of the city, and would permit every business established prior to October 17, 1923, and which was prohibited by the ordinances then in force, to continue until vacated as provided in the later ordinance.

Such an effect was clearly not intended in the passage of the last-named ordinance.

For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that the case be remanded to the lower court, with directions to issue the injunction as prayed for and to be otherwise proceeded with in accordance with the views herein expressed and as the law directs, the defendant to pay all costs.

ST. PAUL, J., dissents.

### On Rehearing.

PER CURIAM. Rehearing denied.

O'NIELL, C. J. (dissenting from the refusal to grant a rehearing). I favor the granting of a rehearing in this case because the decision heretofore rendered does not quite dispose of the real question in the case. I agree that the Ordinance No. 7558, which was adopted after the defendant established

its place of business within the zoned area, did not repeal the previous ordinances in so far as they had forbidden such establishments generally in that area; but the new ordinance contained a proviso to the effect that places of business that were already established in the zoned area might continue, unless or until the property should cease to be used for business purposes. It is true that the Liberty Shop was then being operated in violation of the previous zoning ordinances; but the municipal council had the right to exempt the establishment, as perhaps it did by the proviso in the Ordinance No. 7558.